[*148] *JOSHUA L. CAREW *et. al.* agt. THE PRESIDENT, &C., OF THE MECHANICS' AND FARMERS' BANK in the city of Albany.

Where defendants, on a motion to change the venue, state that if the plaintiffs have more witnesses (than defendants) in the county where the venue is laid, they

Carew agt. President, &c., of Mechanics' and Farmers' Bank.

can only be necessary for plaintiffs to prove certain facts, which facts the defendants stipulate to admit on the trial, in case the venue is changed; and the plaintiffs swear to more witnesses than defendants, and that neither of them is necessary for plaintiffs to prove any of the facts offered to be admitted by defendants, but *other* facts; he must state *what those other facts are.*

*April Term,* 1846.

MOTION by defendants to change the venue.

This was an action of assumpsit, venue laid in the city and county of New-York. Cause not at issue. Defendants swore to five witnesses residing in the city of Albany, and two residing in Corning, Steuben county, as being material, &c., for them on the trial of the cause. Plaintiffs served a bill of particulars, which contained two general items, and defendants alleged that the plaintiffs rested their whole claim on facts, contained in the third (special) item, and which was the only real cause of action, if any, and which third item was substantially, that the plaintiffs deposited in the bank of the defendant, for collection, a certain alleged draft or bill of exchange, dated May 10th, 1844, drawn by one George W. Hanmer, upon one D. Hanmer, of *Albany* (as was stated), payable to the order of plaintiffs, at the banking house of defendants, in Albany; that the same was accepted, and that the acceptor, D. Hanmer, paid defendants for the use of plaintiffs' $400, to be applied to the payment of the draft, but which the defendants refused or neglected to apply as aforesaid, or to account therefor to the plaintiffs.

Defendants stated that the cause of action, if any, arose, as they believed, in the city of Albany, and the defendants' witnesses were necessary and material to show the amount of funds (if any) in the possession of defendants, belonging to D. Hanmer, and paid to defendants, in deposit at the time such payment, for the purpose aforesaid, is alleged or may be claimed to have been made, also to show the times and the manner and the circumstances under which the moneys deposited with, or paid to the plaintiffs (if any), were paid to, or for the use of, or withdrawn by D. Hanmer, or upon his order or under his directions, further to show the state of the

accounts between the defendants and D. Hanmer, at the time aforesaid, further that two of said witnesses were necessary to show the custom of banks in Albany, in case of like deposit. Defendants also, in their affidavit, stated that if the plaintiffs insisted that witnesses important to them (except D. Hanmer) resided in the city of New York, or out of the county of Albany, that it could only be to prove the date, amount [*149] and *terms of the draft or bill of exchange, or the parties thereto, or the execution, indorsement, or the return of the draft unpaid, or the non-payment to the plaintiffs of the amount alleged to have been deposited for their use; all which, in case of the change of venue to Albany county, the defendants were willing, and thereby stipulated to admit on the trial of the cause, in order to obviate the necessity of proof of those facts by the plaintiffs.

On the part of the plaintiffs, it appeared that they were a late firm, doing business in the city of New-York; issue was joined in this cause on the 18th of February last, and on the same day plaintiffs' attorney received from defendants' attorney order staying proceedings, &c., for this motion, and, had not the order been served, the cause might have been noticed and brought to trial at the circuit in New-York, held on the 3d Monday of March last. Plaintiffs swore to eleven witnesses residing in the city of New-York, that were material and necessary for them, &c. And that they were not, nor was either of them material or necessary to prove any of the matters of fact offered to be admitted by the defendants in case the venue was changed, but that each and every of them were material and necessary for the plaintiffs to prove other facts than those stated by defendants, and in case defendants did not stipulate to admit the facts (on the trial) mentioned in their papers, other witnesses residing in the city of New-York would be material and necessary for plaintiffs to prove those facts.

M. T. REYNOLDS, *defendants' counsel.*
S. D. VAN SCHAACK, *defendants' attorney.*

N. HILL, JR., *plaintiffs' counsel.*
M. G. HARRINGTON, *plaintiffs' attorney.*

BEARDSLEY, JUSTICE. Granted the motion, on the ground that the plaintiffs did not state what those *other* facts were, which required their number of witnesses to prove.